IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Roderick Smith, | ) | Civil Action No. 4:09-2885-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cumulus Broadcasting, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is currently before the Court on Defendant Cumulus Broadcasting, LLC's (hereinafter "Cumulus" or "Defendant") motion to dismiss the First, Second, Third and Fourth Causes of Action alleged in Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed the instant action on or about September 24, 2009 in the Court of Common Pleas for Horry County, alleging causes of action for (1) a violation of the South Carolina Unfair Trade Practices Act; (2) Negligent Misrepresentation; (3) Civil Conspiracy; and (4) Defamation. Defendant removed the case to this Court on November 5, 2009 based upon diversity jurisdiction. See 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Defendant filed the instant Motion to Dismiss on November 12, 2009. Plaintiff filed a Memorandum in Opposition to Defendant's Motion on January 5, 2010.[1] Defendant filed a Reply Memorandum in support of its motion in January 15, 2010. The Court heard oral argument on this motion from counsel on June 1, 2010. Thereafter, Plaintiff filed a second Memorandum in Opposition to Defendant's Motion to Dismiss on June 11,

---

[1]The Court denies Defendant's request to strike Plaintiff's response from the record.

1

2010. Defendant filed a second Reply memorandum on June 24, 2010. For the reasons set forth in this Order, Defendant Cumulus' motion to dismiss is granted in part and denied in part. Specifically, Plaintiff's third cause of action for Civil Conspiracy is dismissed. The remainder of the motion is denied.

## Facts

The following facts as plead in Plaintiff's Complaint are presumed true for purposes of the instant motion. Plaintiff is a former employee of Defendant. He had an Employment Agreement with Defendant that contained certain provisions regarding non-competition. Plaintiff alleges that he met his obligations under the contract, including the agreement not to compete for six months following the April 30, 2007 end of the contract term. Plaintiff indicates that he did not sign another employment contract with Defendant. Although, the record does not establish an exact date, at some point, Plaintiff indicates that he was fired by Cumulus. In January of 2008, Plaintiff indicates that he was approached by Quantum communications to come to work for its company, but that he was prevented from doing so because Defendant communicated to him and Quantum that Plaintiff was under a non-compete agreement and that he would be penalized if he violated it.

## Rule 12(b)(6) Standard

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231 (4th Cir.1999). In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir.1993). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Id.

2

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. Accordingly, a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. Edwards, 178 F.3d at 244.

As the Supreme Court recently explained in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1949. Thus, "[w]hile a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Factual [allegations] must be enough to raise a right to relief above a speculative level. Id.

## Law/Analysis

The Court will initially address Defendant Cumulus' Motion to Dismiss as to Plaintiff's cause of action for civil conspiracy. A civil conspiracy is a combination of two or more persons joining for the purpose of injuring and causing special damage to the plaintiff. McMillan v. Oconee Memorial Hospital, 626 S.E.2d 884 (S.C. 2006). The third cause of action purports to allege a claim for civil conspiracy against Defendant. Plaintiff states that "Cumulus, in concert with its employees who made assertions regarding the non-compete agreement, conspired to injure the plaintiff."

3

(Complaint ¶ 28). The only Defendant named in this action is Cumulus. The allegations in the complaint suggest that Cumulus conspired with its own employees to commit the complained of acts. It is well-settled that a principal and agent cannot conspire together because they are not separate entities. Id. Further, managers and directors of a corporation cannot conspire with that corporation. Id. See also McClain v. Pactiv Corp., 602 S.E. 2d 87 (S.C. Ct. App. 2004)(civil conspiracy claim properly dismissed because the only claims involved the corporation and one employee, and a corporation cannot conspire with itself); Lawson v. South Carolina Department of Corrections, 532 S.E.2d 259 (S.C. 2000)(employee's allegations that two of his supervisors had conspired to terminate his employment "would not support a conspiracy cause of action;" affirming dismissal of conspiracy claim). Even assuming the facts in the Complaint are true, the Court still concludes that this cause of action should be dismissed under Rule 12(b)(6).

The Court will now address the remaining three causes of action.

Plaintiff has alleged a cause of action for violations of the South Carolina Unfair Trade Practices Act ("UTPA"). "A cause of action pursuant to [the] UTPA requires plaintiff to demonstrate the following: '(1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest.'" City of Charleston v. Hotels.com, LP, 520 F. Supp. 2d 757, 773 (D.S.C. 2007).

The Defendant asserts that as a matter of law, "[t]he UTPA does not apply to acts that take place in the employer-employee relationship." Davenport v. Island Ford, Lincoln, Mercury, Inc.,

465 S.E.2d 737, 740 (S.C. Ct. App. 1995). Further, Defendant asserts that the Plaintiff has failed to show that the complained of act was an unfair trade practice, and that the alleged unfair or deceptive act adversely affects the public interest. Jefferies v. Phillips, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994); Noack Enterprises, Inc. v. Country Corner Interiors, 351 S.E.2d 347 (S.C. Ct. App. 1986). Plaintiff asserts that assuming the allegations of the Complaint are true, all elements of this cause of action are met.

Plaintiff has also alleged a cause of action for Negligent Misrepresentation. South Carolina law recognizes an action for negligent misrepresentation "where the misrepresented fact(s) induced the plaintiff to enter a contract or business transaction." Gilliland v. Elmwood Properties, 391 S.E.2d 577, 580 (1990). Where the damage alleged is pecuniary loss, "the plaintiff must allege and prove the following essential elements to establish liability for negligent misrepresentation: (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation." AMA Management Corp. v. Strasburger, 420 S.E.2d 868, 874 (S.C. Ct. App.1992).

Plaintiff alleges that Defendant communicated to Plaintiff and to another company that Plaintiff "was under a non-compete agreement and that he would be penalized if he violated it." (Complaint ¶ 22). Defendant indicates that Plaintiff does not allege that this representation was false, but states only that defendant "had a duty to ensure that truthful information was given." (Complaint ¶ 24). Defendant asserts that Plaintiff does not specify that information was allegedly

5

false, nor does his complaint set forth the manner in which he allegedly relied on this information. Accordingly, under the standards of pleading set forth in Twombly and Iqbal, Defendant asserts that these allegations are insufficient to state a cause of action for negligent misrepresentation. Additionally, the Defendant asserts that Plaintiff has failed to allege negligent misrepresentation with particularity and instead resorted to general, conclusory statements, which are insufficient to state a negligent misrepresentation claim. Again, Plaintiff asserts that assuming the allegations of the Complaint are true, all elements of this cause of action are met.

Finally, Plaintiff has alleged a cause of action for Defamation. The elements of a cause of action for defamation are as follows: 1) a false and defamatory statement by defendant concerning plaintiff; 2) an unprivileged publication by defendant to a third party; 3) fault amounting to at least negligence on defendant's part in publishing the statement; and 4) special harm to plaintiff caused by defendant's statement. Cosby v. Legal Services Corp., 2006 WL 4781412 (D.S.C. 2006); Restatement (Second) of Torts § 558.

Plaintiff's Fourth Cause of Action sounds in defamation and is supported by the allegations that "[u]pon information and belief, Cumulus or its agents communicated a defamatory statement about [plaintiff] to another person, attacking his honesty, integrity and reputation." (Complaint ¶ 30). Defendant, relying on the case of Suarez v. Charlotte-Mecklenburg Schools, 123 F. Supp. 2d 883 (W.D. N.C. 2000), asserts that Plaintiff has failed to state the content of the allegedly defamatory "actions, conduct and/or omissions;" to whom the allegedly defamatory actions, conduct, and/or omissions were published; or how or when they were published. Defendant asserts that Plaintiff's conclusory allegations are insufficient to state a defamation claim upon which relief can be granted. Defendant also asserts that the defamation claim should be dismissed in that there is no allegation of

special damages. Plaintiff asserts that assuming the allegations of the Complaint are true, all elements of this cause of action are met. Plaintiff also asserts that it is premature to dismiss the claims alleged in this Complaint, until adequate discovery has been conducted.

After a careful review of the record in this case and accepting all well-pleaded allegations in the Plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the Plaintiff's favor, the Court cannot conclude with certainty that the Plaintiff cannot prove any set of facts in support of his remaining claims entitling him to relief. Accordingly, the Defendant's motion to dismiss as to the remaining claims for a violation of the South Carolina Unfair Trade Practices Act; Negligent Misrepresentation; and Defamation is denied.

## Conclusion

For the foregoing reasons, the undersigned **GRANTS** Defendant's Motion to Dismiss as it relates to the Plaintiff's third cause of action for civil conspiracy. The remainder of the Motion is **DENIED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

July 9, 2010
Florence, SC