**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Roderick Smith, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 4:09-cv-02885-JMC |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Cumulus Broadcasting, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This case comes before the court on Defendant Cumulus Broadcasting, LLC's ("Cumulus") Motion to Dismiss [Doc. 31] Plaintiff Roderick Smith's ("Smith") complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons below, the court grants Cumulus's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Smith was an employee of Cumulus until approximately January 2008. On October 31, 2008, Smith filed a Voluntary Petition in Bankruptcy in the United States District Court for the Middle District of Georgia. *See* Petition No. 08-53161, *In re Stephine W. Smith and Roderick Jarvis Smith, Debtors*. In Smith's Statement of Financial Affairs attached to his petition, he indicated he had a possible claim for wrongful termination against Cumulus, but valued the claim at $0.00. However, Smith did not mention the possible claim in his list of several items requested to be exempt from bankruptcy under Georgia state law as permitted by 11 U.S.C. § 522(b)(3). Smith signed the Statement of Financial Affairs and filed it on December 2, 2008.

1

On February 25, 2009, Smith amended his Statement of Financial Affairs to list his wrongful termination claim as exempt under federal law as permitted by 11 U.S.C. § 522(b)(3). Smith also amended the value of the claim from $0.00 to $50,000. According to his Amended Statement, Smith considered all of the $50,000 exempt from creditors. However, in another Amended Statement filed on April 2, 2009, Smith reduced the amount he considered exempt to $20,200.

On April 28, 2009, the Trustee filed an objection to the Amended Statement that Smith had filed on April 2. The Trustee explained that the claim should not be considered exempt until Smith was actually awarded money, and then only the amount reasonably necessary for his support should be exempt. Then, on June 5, 2009, Smith again filed an Amended Statement in which he did not mention the wrongful discharge claim at all.

The Bankruptcy Court confirmed Smith's reorganization plan on April 13, 2009, under which Smith must make bi-weekly payments and is not eligible for a discharge until April 2012. However, on September 24, 2009, Smith filed the instant action alleging a violation of the Unfair Trade Practices Act, negligent misrepresentation, civil conspiracy, and defamation. Interestingly, Smith does not allege wrongful discharge. Instead, Smith claims Cumulus wrongfully interfered with an employment opportunity presented to him after he left Cumulus. Smith failed to make the Trustee in Bankruptcy a party to this action. Smith asks for $100,000 in compensatory damages but also seeks treble damages and attorney's fees.

Cumulus argues that Smith has no standing to bring this lawsuit because it was filed after he declared bankruptcy, and therefore the suit may only be brought by the Trustee in

Bankruptcy. In the alternative, Cumulus claims this action should be barred by judicial estoppel because Smith has repeatedly changed his position as to the value and existence of any claim against Cumulus. According to Cumulus, Smith should be estopped from benefitting from what Cumulus claims is Smith's attempt to play "fast and loose" with the courts.

Smith argues that because he filed for bankruptcy protection under Chapter 13 and not Chapter 7, both he and the Trustee have standing to bring this claim. He further states that he provided notice to the court that he had a potential claim against Cumulus, and as a result, judicial estoppel is not appropriate in this case.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In evaluating a defendant's challenge to subject matter jurisdiction, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id*. The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citations omitted).

**DISCUSSION**

I.     **Standing**

Cumulus argues that this court lacks subject matter jurisdiction over this matter because Smith has no standing to assert a pre-petition claim which belongs to the bankruptcy estate.

A bankruptcy estate includes "all legal or equitable interests of the debtor." 11 U.S.C. § 541(a)(1). This includes any interest the debtor has in any cause of action accrued before the filing of the bankruptcy petition. *See In re: Dennis*, Bankruptcy No. 09-33957-WIL, 2010 WL 3907114, at *2 (Bankr. D. Md. Sept. 30, 2010) (citing *Miller v. Pac. Shore Funding*, 287 B.R. 47, 50 (D. Md. 2002)). "Bankruptcy courts in various districts are split on the issue of whether a Chapter 13 debtor may sue or can be sued." *Donato v. Metro. Life Ins. Co.*, 230 B.R. 418, 425 (N.D. Cal. 1999). However, the United States Court of Appeals for the Fourth Circuit has consistently recognized pre-petition claims as claims belonging to the bankruptcy estate. *See Gregory v. Potter,* 275 Fed. Appx. 255, 255-56 (4th Cir. 2008) (affirming the district court's dismissal of a debtor's employment discrimination claim based on lack of standing); *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir.1997) (finding that the bankruptcy trustee was the appropriate party to pursue appeal because the debtor's claim belonged to the bankruptcy estate). This district has previously adhered to the Fourth Circuit's view that only a trustee may bring claims accrued by the debtor prior to the filing of the petition "because the [debtor's] pre-petition claims become an asset of the bankruptcy estate." *See, e.g.*, *Wright v. Guess*, No. 3:08-cv-04130-JFA, 2010 WL 348377, at *1 (D.S.C. January 25, 2010). "A court does not have subject matter jurisdiction over an individual who does not have standing." *AtlantiGas Corp. v. Columbia Gas Transmission Corp.*, 210 Fed. App'x 244, 247 (4th Cir. 2006).

Smith does not dispute that this case concerns a pre-petition claim nor does he dispute Cumulus's assertion that he is pursuing this action for his own benefit and not for the benefit of his creditors. Instead, he contends that because he filed for bankruptcy under Chapter 13, he is permitted to bring this action, as is the trustee. In support of his contention, Smith relies on *In re Griner*, 240 B.R. 432 (Bankr. S.D. Ala. 1999), a case in which the court held that a debtor had standing to prosecute an action that accrued prior to the filing of the bankruptcy petition. However, the Alabama court also explained that there is a split of authority on the issue. *Id.* at 435 ("The cases are divided on whether a Chapter 13 debtor has standing to sue or be sued."). A review of the case law reveals that this district does not follow the analysis of the *In re Griner* case and Smith has not provided this court with any authority to persuade the court to rule contrary to the established views in this circuit. Therefore, Smith lacks standing to pursue his pre-petition claims for his own benefit, and this court lacks jurisdiction to hear this case. Accordingly, the court grants Cumulus's motion to dismiss.

## II.     Judicial Estoppel

Alternatively, Cumulus requests that the court dismiss Smith's complaint on the basis of judicial estoppel. Cumulus argues that Smith has attempted to manipulate the court by altering his position regarding his claims against Cumulus since he filed for bankruptcy, and therefore judicial estoppel should apply.

"Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation." *United Va. Bank v. B.F. Saul Real Estate Inv. Trust*, 641 F.2d 185, 190 (4th Cir. 1981).

> In order for judicial estoppel to apply, (1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact instead of law; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently.

*Folio v. City of Clarksburg, W.Va.*, 134 F.3d 1211, 1217-18 (4th Cir. 1998). The goal of judicial estoppel is to prohibit a party "from playing fast and loose with the courts." *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996).

Smith does not contest that this action is based on the same lawsuit referenced in his bankruptcy filings, that he has amended his financial disclosures multiple times, and that he has included, excluded, and changed the value of the amount of his claim on several occasions since he filed for bankruptcy. Smith merely states that he provided clear "good faith notice" to the court that the potential claim existed, and judicial estoppel is inappropriate as a result. The court disagrees.

On four separate occasions, Smith amended his financial statement, and on each of those occasions he altered his position regarding his potential claims against Cumulus in some fashion. Smith has adopted several positions regarding the instant action in his bankruptcy case, his positions are factual issues rather than legal, his prior position was accepted by the court in his bankruptcy action, and the court infers intent from the number and nature of the inconsistent positions he has taken regarding this suit. Therefore, the court finds that judicial estoppel is appropriately applied in this case.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendants' Motion to Dismiss [Doc. 31], and dismisses Plaintiff's action with prejudice.

**IT IS SO ORDERED**.

s/ J. Michelle Childs<br>
United States District Judge

August 8, 2011<br>
Greenville, South Carolina