IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Roderick Smith, | ) | Civil Action No. 4:09-cv-02885-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Cumulus Broadcasting, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff Roderick Smith's ("Smith") motion to reconsider (ECF No. 48) the court's Order and Opinion (ECF No. 46) granting the motion of Defendant Cumulus Broadcasting, LLC ("Cumulus") to dismiss this action (ECF No. 31). Also before the court is Cumulus's motion to strike (ECF No. 51) the affidavit of Laura Wilson and related arguments proffered by Smith in his reply supporting his motion to reconsider (ECF Nos. 50 (Pl.'s Reply), 50-1 (Aff. of Laura Wilson)). On March 26, 2012, the court heard oral argument from counsel regarding these motions and issued a brief order (ECF No. 68) indicating it would grant the motion to reconsider and would later enter a separate order determining whether to grant Smith the relief he sought and issuing its decision regarding Cumulus's motion to strike (ECF No. 69). For the reasons set forth herein, the court reconsiders its prior order in which it granted Defendant's motion to dismiss (ECF No. 46) and now DENIES Cumulus's Motion to Dismiss (ECF No. 31). The court GRANTS Cumulus's motion to strike (ECF No. 51).

**FACTUAL AND PROCEDURAL BACKGROUND**

Smith was an employee of Cumulus until approximately January 2008. On October 31, 2008, Smith filed a Voluntary Petition in Bankruptcy in the United States District Court for the Middle District of Georgia. *See* Petition No. 08-53161, *In re Stephine W. Smith and Roderick*

1

*Jarvis Smith, Debtors*. In Smith's Statement of Financial Affairs attached to his petition, he indicated he had a possible claim for wrongful termination against Cumulus, but valued the claim at $0.00. Smith did not mention the possible claim in his list of several items he requested to be exempt from bankruptcy under Georgia state law as permitted by 11 U.S.C. § 522(b)(3). Smith signed the Statement of Financial Affairs and filed it on December 2, 2008. On February 25, 2009, Smith amended his Statement of Financial Affairs to list his wrongful termination claim as exempt under federal law as permitted by 11 U.S.C. § 522(b)(3). Smith also amended the value of the claim from $0.00 to $50,000. According to his Amended Statement, Smith considered all of the $50,000 exempt from creditors. On April 2, 2009, Smith filed another Amended Statement that listed the amount he considered exempt as $20,200.

On April 28, 2009, the Trustee filed an objection to the Amended Statement that Smith had filed on April 2. The Trustee explained that the claim should not be considered exempt until Smith was actually awarded money, and then only the amount reasonably necessary for his support should be exempt. On June 5, 2009, Smith filed another Amended Statement that did not reference the wrongful discharge claim. The Bankruptcy Court confirmed Smith's reorganization plan on April 13, 2009, under which Smith must make bi-weekly payments and is not eligible for a discharge until April 2012.

On September 24, 2009, Smith filed the instant action alleging a violation of the Unfair Trade Practices Act, negligent misrepresentation, civil conspiracy, and defamation. Smith claims Cumulus wrongfully interfered with an employment opportunity presented to him after he left Cumulus. The Trustee in Bankruptcy is not a party to this action. Smith asks for $100,000 in compensatory damages, and seeks treble damages and attorney's fees. Cumulus moved to dismiss, arguing Smith had no standing to bring this lawsuit because it was filed after he

declared bankruptcy. Cumulus argued only the Trustee in Bankruptcy could bring this suit. In the alternative, Cumulus claimed this action should be barred by judicial estoppel because Smith repeatedly changed his position as to the value and existence of any claim against Cumulus.

Smith argued that because he filed for bankruptcy protection under Chapter 13 and not Chapter 7, both he and the Trustee have standing to bring this claim. He further stated that he provided notice to the court that he had a potential claim against Cumulus, and as a result, he should not be judicially estopped from bringing this case.

In its August 8, 2011 Order and Opinion, the court granted Cumulus's motion to dismiss, finding that, as a Chapter 13 debtor, Smith lacked standing to pursue these pre-petition claims for his own benefit. (ECF No. 46 at 4-5). The court also found the doctrine of judicial estoppel operated against Smith because he took varying positions regarding the instant action in his bankruptcy case and inferring he intended to do so. (ECF No. 46 at 5-6).

On August 18, 2011, Smith filed the instant motion to reconsider pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure, claiming the court erred in dismissing this matter. (ECF No. 48). In response to Cumulus's opposition to his motion to reconsider, Smith filed a reply brief that included as an exhibit the affidavit of Laura Wilson, Trustee, Office of the Chapter 13 Trustee ("Trustee Aff."). (ECF No. 50-1). Cumulus argues the Trustee Affidavit properly should not be considered by the court and moves to have it stricken from the record. (ECF No. 51).

## STANDARD OF REVIEW

A court may alter or amend a judgment if the moving party shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at the time of

the ruling; or (3) that there has been a clear error of law or a manifest injustice. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

## DISCUSSION

I.   Motion to Reconsider Order Granting Defendant's Motion to Dismiss

    A.  Standing

The court dismissed this action on Cumulus's motion because it found Smith lacked standing to assert this pre-petition claim that belonged to his bankruptcy estate and not to him personally. In its order and opinion, the court indicated Smith did not dispute that the case concerned a pre-petition claim, nor did he dispute that he was bringing the action in his own behalf and not on behalf of the bankruptcy estate. (ECF No. 46 at 5). The court did not agree with Smith's assertion that bankruptcy law permitted him or the bankruptcy trustee to pursue a pre-petition claim and granted the motion to dismiss for lack of standing. *Id.*

In seeking reconsideration, Smith takes issue with the court's statement that he was pursuing this action for his own benefit and not for the benefit of his creditors. (ECF No. 48 at 1). Smith states that he is pursing the action for the benefit of himself and his creditors, that anything recovered would be subject to the bankruptcy court, and that he is pursuing this action himself because the bankruptcy trustee has not done so despite having notice of the claim. (ECF No. 48 at 1).

Further, Smith argues that the Bankruptcy Code as interpreted by the courts permits a Chapter 13 debtor to pursue a pre-petition claim on his own behalf as well as on behalf of the bankruptcy estate if the trustee chooses not to pursue the claim. ECF No. 48 at 2-8. Smith notes that this rule applies to Chapter 13 debtors and acknowledges that the rule is different for cases

4

filed pursuant to Chapter 7 of the Bankruptcy Code. He submits that the court's finding he lacked standing was mistaken because it relied in large part on Chapter 7 cases.

Cumulus argues Smith has not satisfied the standard necessary for a motion to reconsider and argues the court's prior ruling should stand. Cumulus argues the court need not revisit the legal issue of whether a Chapter 13 debtor has standing to prosecute his own claim, claiming Smith has done no more than ask the court to "rethink" its prior ruling.

Having reviewed the arguments of and case law cited by both parties, and having conducted independent research, the court has determined that it appropriately must reconsider its prior conclusions. Although the Fourth Circuit has found a bankruptcy trustee, not the debtor, has standing to pursue pre-petition claims, those cases were brought pursuant to Chapter 7. *See, e.g.*, *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999); *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 535 n.9 (4th Cir. 1997).

As well explained by the court in the recent case of *Wilson v. Dollar General Corp.*, No. 4:11-CV-24, 2012 WL 707068, *5 (W.D. Va. Mar. 5, 2012), "'[t]his difference is crucial because the trustee has the exclusive authority to prosecute claims under Chapter 7, whereas Chapter 13 debtors retain authority to prosecute claims.'" 2012 WL 70768, at *5 (quoting *Brooks v. Prestige Fin. Servs., Inc.*, No. 11cv02370–AW, 2011 U.S. Dist. LEXIS 118821 at *5–6 (D. Md. Oct. 14, 2011) (citing *Crosby v. Monroe Cnty*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004); *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472 (7th Cir. 1999)). As the *Wilson* court noted, circuit courts that have considered the issue have determined that a Chapter 13 debtor has standing to pursue a claim on behalf of the estate. 2012 WL 707068 at *5 (citing *Brooks*, 2011 U.S. Dist. LEXIS 118821 at *5-6 (citing *Smith v. Rockett*, 522 F.3d 1080, 1081 (10th Cir. 2008); *Crosby*, 394 F.3d at 1331 n.2 (11th Cir. 2004); *Cable*, 200 F.3d at 472–74 (7th Cir. 1999); *Olick*

5

*v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515–16 (2d Cir. 1998); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1209 n.2 (3d Cir. 1992)).

Based on the legal reasoning of these cases, the court finds Smith has standing to assert his present claim.[1] Accordingly, the court finds it has subject matter jurisdiction. Plaintiff's motion to reconsider (ECF No. 48) is granted. The court withdraws its order (ECF No. 46) that granted Cumulus's motion to dismiss for lack of subject matter jurisdiction (ECF No. 31), and orders that the Clerk of Court withdraw the judgment entered dismissing the case based on the now-withdrawn order (ECF No. 47). On reconsideration, Cumulus's motion to dismiss (ECF No. 31) is denied.

B.  Judicial Estoppel

In granting Cumulus's motion to dismiss, the court also found the equitable doctrine of judicial estoppel applied, requiring Smith's case to be dismissed. (ECF No. 46 at 5-6). Smith asks the court to reconsider that ruling as well. (ECF No. 48 at 8-11). Cumulus counters, claiming the court correctly applied judicial estoppel and arguing Smith has not established the need for reconsideration. (ECF No. 49 at 6-7).

Having reconsidered its ruling on the threshold issue of Smith's standing, the court has also examined the parties' arguments regarding whether judicial estoppel was properly applied. In reconsidering this portion of its order, the court's research indicates a different ruling is appropriate.

---

[1] In so ruling, the court remains mindful of *Wright v. Guess*, No. 3:08-4130-JFA, 2010 WL 348377 (D.S.C. Jan. 25, 2010), which the court cited in its initial grant of the motion to dismiss. (ECF No. 46 at 4). Although the court found it "lack[ed] subject matter jurisdiction over an action once the plaintiff files a petition for bankruptcy[,]" its decision did not discuss that portion of its findings in detail. Furthermore, Wright had failed to timely disclose potential litigation in the pre-petition filings with the Bankruptcy Court.

As the court noted in its earlier order, judicial estoppel may be applied if the following elements are satisfied:

> (1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact instead of law; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently.

*Folio v. City of Clarksburg, W.Va.*, 134 F.3d 1211, 1217-18 (4th Cir. 1998). Further, the goal of judicial estoppel is to prohibit a party "from playing fast and loose with the courts." *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996).

In finding judicial estoppel applied, the court recounted Smith's varying representations of the instant litigation and its potential value, and inferred from his various representations that he intentionally misled the bankruptcy court. (ECF No. 46 at 6). Smith argues the court erred in finding his actions were intentional and prevented him from pursuing this case. He explained that his bankruptcy court filings always included disclosure of his potential, contingent claim against Cumulus and he represented that his valuation of the claim was estimated. (ECF No. 48 at 8-9).

In seeking reconsideration, Smith submits that his representations to the bankruptcy court always acknowledged this suit's potential existence and that his conduct was nothing like the conduct of the plaintiff in one of the cases the court cited, *Lowery v. Stovall*, 92 F.3d at 219. The court agrees. In *Lowery*, the plaintiff sued police officers pursuant to 42 U.S.C. § 1983, claiming an officer shot him without provocation and asserting he had not assaulted the officers. In his criminal case, though, Lowery told the court he had maliciously attacked one officer, which provoked the other officer to shoot him. 92 F.3d at 224. The court agrees that Smith's representations to the bankruptcy court do not rise to that level. The court also notes that the cases cited by Cumulus in asking the court to apply the doctrine of judicial estoppel had facts

much more egregious than those here. *See, e.g.*, *Wright v. Guess*, 2010 WL 348377 (plaintiff had not disclosed potential litigation in bankruptcy filings until defendant in litigation moved to dismiss based on grounds of judicial estoppel); *Brockington v. Jones*, No. 4:05-3267, 2008 WL 4812205 (D.S.C. Nov. 28, 2007); *adopted in* 2008 WL 238707 (D.S.C. Jan. 23, 2008) (applying judicial estoppel when plaintiff had not disclosed any contingent or unliquidated claims in bankruptcy court filings).

Having reviewed these cases and compared them to the facts in this case, the court agrees with Smith that it should reconsider and amend its prior ruling that judicial estoppel applied. In *Lowery*, the Fourth Circuit Court of Appeals counsels courts to apply judicial estoppel with caution. 92 F.3d at 224. Here, Smith never hid the potential of this now-pending litigation from the bankruptcy court. The court finds that, in the context of this case, Smith's conduct does not provide the requisite intent, and judicial estoppel will not be applied. In addition, the court notes that to keep Smith from pursuing his claim would potentially punish his creditors and his bankruptcy estate. *See, e.g.*, *Evans v. Allied Air Enters., Inc.*, 5:10-2029-MBS, 2011 WL 4548307 (D.S.C. Sept. 30, 2011) (finding it inequitable to apply judicial estoppel as to claims being brought on behalf of the estate/creditors); *cf. In re Mannie*, 299 B.R. 603, 607 (Bankr. N.D. Calif. 2003) (noting court must consider potential prejudice to interested parties when determining impact of a debtor's failing to disclose potential assets).

Accordingly, the court finds it appropriate to reconsider its prior finding that judicial estoppel applied in this matter. Smith's motion to reconsider (ECF No. 48) is granted. The court withdraws its order (ECF No. 46) that granted Cumulus's motion to dismiss by applying the doctrine of judicial estoppel (ECF No. 31), and orders that the Clerk of Court withdraw the

8

judgment entered dismissing the case based on the now-withdrawn order (ECF No. 47). On reconsideration, Cumulus's motion to dismiss (ECF No. 31) is denied.

II.     Motion to Strike

Smith submitted an affidavit with his reply supporting his motion to reconsider. (ECF No. 50-1 (Aff. of Laura Wilson, Trustee)). The affidavit, submitted by counsel for the bankruptcy trustee in Smith's Chapter 13 filing, discusses Smith's valuation of the instant suit as a potential asset of the bankruptcy estate and offers opinions regarding Smith's standing to bring this suit. Cumulus moves to strike the affidavit and related argument, claiming the affidavit is untimely pursuant to Federal Rules of Civil Procedure 59(c) and 6(c)(2). Cumulus also submits the affidavit could have been presented earlier and should not be permitted at this juncture. It also claims the affidavit should be stricken because it contains conclusions of law and hearsay testimony that cannot properly be considered here. (ECF No. 51).

Based on the clear authority regarding Smith's standing to bring claims on the estate's behalf in his Chapter 13 case, and considering the court's above finding that Smith's varied valuations of this suit in the bankruptcy action do not judicially estop him from pursuing this action, the court need not consider the late-filed affidavit submitted by Smith. Accordingly, the court dismisses Cumulus's motion to strike (ECF No. 51) as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 29, 2012
Greenville, South Carolina